UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
HAAS KHEREED, *on behalf of himself, FLSA Collective Plaintiffs and the Class,*

      Plaintiff,

 v.

WEST 12TH STREET RESTAURANT GROUP LLC,
EAST 6TH STREET RESTAURANT GROUP LLC,
JASON SOLOWAY,

      Defendants.
-------------------------------------------------------------------X

15 Civ. 1363

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

        HELBRAUN LEVEY & O'DONOGHUE, LLP

        By_/Kevin Sean O'Donoghue_____
        Attorney for the Defendants
        110 William Street, Ste. 1410
        New York, NY 10038
        212.219.1193
        kevin@helbraunlevey.com

Table of Contents

| | |
|---|---:|
| **I.   PRELIMINARY STATEMENT** | **1** |
| **II. STATEMENT OF ALLEGATIONS** | **3** |
| **III.  LEGAL ARGUMENT** | **4** |
| A.   STANDARD OF REVIEW | 4 |
| B.  THE PLAINTIFF WAS PROPERLY PAID | 6 |
| C. THE PLAINTIFF RECEIVED VALID NOTICE OF TIP CREDIT AND WAGE NOTICES, AND THE DEDUCTIONS WERE LAWFUL AND ACCURATE | 6 |
| D. THERE IS NO EVIDENCE THAT THERE IS JOINT AND SEVERAL LIABILITY FOR THE CORPORATE DEFENDANTS | 7 |
| E. IF ANY VIOLATION IS FOUND, IT IS NOT WILLFUL AND THERE SHOULD BE NO PERSONAL LIABILITY | 9 |
| **IV. CONCLUSION** | **10** |

Defendants, West 12th Street Restaurant Group LLC. East 6th Street Restaurant Group LLC, and Jason Soloway by and through their attorneys, Helbraun Levey & O'Donoghue, LLP, respectfully submit this Memorandum of Law in Opposition to Plaintiffs' Motion for Summary Judgment ("Plaintiff's Motion").

**Defendants request oral argument in this matter.**

## I.   PRELIMINARY STATEMENT

As this Court is aware, Defendants object to this motion being filed as it is prejudicial to Defendants to have to pay legal fees to oppose a frivolous motion. In the Declaration of Jason Soloway, he states upon information and belief that KHEREED was fully and properly paid by West 12th Street Restaurant Group LLC, which does business as Wallflower. This is supported by documentary evidence including payroll records showing the hours worked and the proper pay. The wage notices are proper and were from the New York State Department of Labor. The allegations of "time shaving" are ludicrous. The moving papers themselves raise substantial issues of triable fact. As such this opposition is limited to the bare necessity of facts and is under 10 pages.

The named Plaintiff, HAAS KHEREED, brings this Fair Labor Standards Act ("FLSA") action claiming that Defendants willfully failed to properly compensate him at time and one half for all hours worked over forty per week and related violations. There are no additional "opt-in" or "class" plaintiffs. Despite substantial issues of genuine, material, triable fact, counsel for the plaintiffs moves for partial summary judgment.

Plaintiff seeks such drastic relief based solely on a self-serving declaration from Mr. KHEREED; statements made by KHEREED at his deposition that he "believed" he

1

worked more; statements taken out of context by counsel for the plaintiff at Mr. SOLOWAY's deposition In response, a Declaration by Jason Soloway is annexed hereto.

It is telling that the moving papers of plaintiff do not include the full transcripts of deposition testimony. Instead, the transcript for Plaintiff KHEREED is selected to present the appearance of facts not being in dispute. The Court should not be fooled by this chicanery.

Plaintiff was hired on or about June 20, 2014 as a server. A position he has held in various restaurants since 2009, according to him. (Transcript of Khereed Deposition page 10 line 24, Exhibit "A"). As a result, the allegations that he was unaware of the "tip credit" that was below minimum wage fails, particularly considering the two wage notices. In fact, he admitted that he knew his pay was affected by tips. (Exhibit "A" Page 11 Lines 17-25; Page 12 lines 4-8). Claims of failure to be properly paid are contradicted by the payroll records. Claims that he worked more hours than he was paid for are contradicted by the fact that the restaurant is only open for dinner each evening for about six to hour hours maximum (about 5 p.m. to 11 p.m. weeknights; until 1 a.m. on weekends), and KHEREED did not work seven nights a week. Even at four nights a week, if he came in at 3 or 4 p.m. p.m., that is only an eight to ten hour day, which would keep him below the overtime rate. (Exhibit "A", Page 31, Line 16)

Even if he worked 10 hours a day, there remains a question of fact as to whether still was adequately compensated under the prevailing minimum wage rules. None of this is supported by the records annexed to the moving papers that show rare occasions of work over 40 hours.

Clearly, there is a question of fact as to the status of the plaintiff, the good faith designation of the plaintiff, and as to whether there is even a FLSA or NYLL violation as a

result of the hours worked. There is a clear question of fact as to the hours that were worked and until and unless there is a fact finding of the hours, it cannot be said that there was any violation with regard to wages and (if applicable) overtime.

At all times, defendants have denied all allegations in the complaint. The moving papers by Plaintiff themselves raise substantial issues of fact. IF there was an error in payment, was Mr. SOLOWAY willfully violating the law? A reasonable jury could find he was not, even if an error was proven. Should spread of hours have been paid? What was the actual hours worked? All of this is relevant.

In sum, there are substantial triable issues on all causes of action and claims here.

Otherwise, it is respectfully submitted that this Court cannot from these papers, giving all credence and inference to the non-moving party there are substantial and material questions of fact. The motion before the Court here is clearly ripe for denial.

## II. STATEMENT OF ALLEGATIONS

Plaintiff alleges that during the approximately six months he worked as a server at Wallflower, he was not properly paid overtime rates. This is based on an estimate, since the actual records show he was paid properly. Plaintiff cannot substantiate with any proof what hours he actually worked for each shift which would produce evidence for the Court of what he is owed; nor why he would be working substantially in excess of the actual hours the restaurant is open. Declaration of Soloway. Proper wage notices are annexed to the moving papers and plaintiff had the notice explained to him.. Plaintiff alleges there was willful violation, but that is simply not supported by the record, which indicates he was properly compensated at the legal rate for all work that was performed. Plaintiff alleges a common enterprise between the corporate defendants, without any basis to do so.

### III.     LEGAL ARGUMENT

**A.     Standard of Review**

To prevail on a motion for summary judgment, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden of demonstrating the absence of a question of material fact. In making this determination, the Court must view all facts "in the light most favorable" to the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); see also *Holcomb v. Iona Coll.*, 521 F.3d 130, 132 (2d Cir. 2008).

This has not been proven by KHEREED. Viewing the disputed facts as favorable to defendants as to, pay, hours, good faith and other claims there can be no summary judgment.

To survive a summary judgment motion, the opposing party must establish a genuine issue of fact by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1); see also *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). "A party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," because "conclusory allegations or denials cannot by themselves create a genuine issue of material fact where none would otherwise exist." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (citation omitted). Only disputes over "facts that might affect the outcome of the suit under the governing law" will preclude a grant of summary judgment. *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248 (1986).

All the Court is presented with by plaintiff are conclusory statements, mostly made by counsel for the plaintiffs or by taking deposition testimony of the defendant out of context. **The attorney's affidavit is, of course, incompetent to prove to the Court that there are no genuine issues of material fact**. *See Randell v. United States,* 64 F.3d

101, 109 (2d Cir. 1995) (attorney's affidavit that did not purport to be based on personal knowledge was inadequate); *Goldberg v. Colonial Metal Spinning and Stamping Co., Inc.,* 1994 WL 510037, *1 (S.D.N.Y. 1994) ("an attorney's affidavit that is not based upon personal knowledge or supported by admissible evidence is insufficient *to defeat a summary judgment motion

*Carnrite v. Granada Hospital Group, Inc.,*175 F.R.D. 439, 448-449 (W.D.N.Y. 1997) (attorney's affidavit not based on personal knowledge is an impermissible substitute for the personal knowledge of a party). In contrast, the Declaration of Jason Soloway is based solely on his personal knowledge, and therefore is sufficient (per the above) to raise genuine issues of triable fact.

Clearly, there are material issues that arise here and that affect the outcome of the case. Defendants prefer trial as a method for fact finding and ultimate resolution. This motion as written – which includes no affidavit of personal knowledge from any of the plaintiffs and includes no relevant factual information, nor is it even clear that the plaintiffs are aware of this application – clearly cannot survive.

In determining whether there are genuine issues of material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against grant of summary judgment. *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (citing *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)).

In doing so, the motion must be denied since the questions of fact as to the key issues in this case: hours worked by KHEREED; the pay received by KHEREED; and the willfulness of any violation of law by defendants are all in dispute and far too ambiguous to be decided on the papers.

**B. The Plaintiff Was Properly Paid**

The Court need only to examine the payroll records annexed to the moving papers as Exhibit 1 to deny this claim. It is clear that payment was made properly by the payroll company for the hours worked. Plaintiff's arguments that he believes he worked more than that are specious, conclusory, self-serving and contradicted by the evidence. At the least, there is a question of fact regarding payment. The records speak for themselves.

**C. The Plaintiff Received Valid Notice of Tip Credit and Wage Notices, and the Deductions Were Lawful and Accurate**

The Court should not be fooled by counsel's tactic of selecting deposition testimony out of context to try to present Mr. SOLOWAY as ignorant of labor laws and his requirements. His testimony was that he was not an expert, nor an attorney, but he knows what he is supposed to do and regularly seeks advice of counsel if he is not sure. That is more than sufficient for an employer who despite Mr. Lee's fantasy, is not required to quote statutes and decisions. It is not "impossible" (Memorandum at 7) but that itself raises a question of fact. Mr. SOLOWAY provided adequate, state-approved wage notices with the correct information which are annexed as Exhibit 2. Mr. KHEREED, a server for six years, was aware of how servers are paid.. Furthermore, Mr. SOLOWAY testified the he told all servers, including Mr. KHEREED about the tip credit. As this is flatly disputed by Mr. SOLOWAY, the claim must be denied as there is a question of fact.

As the wage notices were accurate, and showed a wage of $5 an hour, the overtime rate of $7.50 (1.5 times the base) is clearly correct, and therefore there is no violation. There is no merit to the argument that the plaintiff was not properly paid, nor that the wage notice was not given, nor that the notices are insufficient. These arguments are frivolous in the face

of the actual evidence presented, and are speculative fabrications by plaintiff's counsel. Mr. KHEREED admitted he signed the notice and it was accurate. (Exhibit "4" Page 42, Lines 15-25).

Mr. SOLOWAY stated that he provided the notice at hiring, that he explained the notice to the employee and that the rate was properly calculated. The documents were produced in discovery and are attached to the motion as Exhibit 2. For counsel to argue that they were not produced or provided is simply untrue.

**D. There is No Evidence That There Is Joint and Several Liability For The Corporate Defendants**

Counsel for the plaintiff alleges that West 12th Street Restaurant Group LLC and East 6th Street Restaurant Group LLC have joint liability as common employers. There is absolutely no evidence presented to support this claim which would clearly be a question of fact.

The only common connection is that Mr. SOLOWAY is the managing member of both LLCs, and an employee who worked shifts at both restaurants on occasion. Counsel again intentionally misleads this Court by arguing the employees are "interchangeable" as if that was the testimony given by Mr. SOLOWAY; it was not.

Mr. KHEREED testified he not only never worked at East 6th Street Restaurant, LLC (known as "The Eddy") but he had never been there for any reason. He knew nothing about The Eddy at all at his deposition (Exhibit "A" Page 39, Lines 1 through 9).

Mr. Soloway has testified and states in his declaration that he maintains completely separate bank accounts, books, records, taxes, salary, payroll and every other indicia that there is no connection between the two, other than his membership. (Exhibit "4" pages 88-89).

The factors supplied by Plaintiff in its Memorandum (at 13) are taken again out of context, from a different case than cited (oddly, one where Mr. Lee represented the plaintiffs); regardless, they are not applicable here and the Second Circuit has not ruled on whether the "integrated enterprise/single employer doctrine" is applied to FLSA cases. *Lopez v. Pio Pio NYC, Inc.,* 13 CV 4490 (SDNY May 15, 2014 (citing *Chen v. TYT E. Corp*, 10 CIV. 5288, 2012 WL 5871617, at *3 (S.D.N.Y. Mar. 21, 2012).

Those factors are taken from Title VII cases where there is a "parent-subsidiary liability" and the examination is whether they can be considered a single, integrated enterprise, which must include at least: (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control.

However, even if that were applicable, it would fail. (1) The operations are completely separate; (2) there is no centralized control of labor relations because there are few if any common employees; (3) there are different managers at each restaurant; and (4) the ownership is not the same at each restaurant, nor is the financial control the same.

Mr. Soloway is involved in both restaurants but that does not make them a common enterprise. There are different chefs, different cuisines and beverage programs, separate employees with very few exceptions; and the businesses are kept completely separate at the corporate level. The fact that a handbook was repurposed for use at another entity does not make them an integrated operation. Website notices are not sufficient. Furthermore, there has been no evidence presented to the Court of any common enterprise other than that Mr. Soloway owns interest in both.

Once again, this is a specious claim, but at a minimum it raises a question of fact; therefore summary judgment must be denied.

8

**E. If Any Violation Is Found, It Is Not Willful and There Should Be No Personal Liability**

Defendants have always asserted and continue to assert (Declaration of Soloway) that no reasonable jury could conclude that it showed reckless disregard for the FLSA overtime provisions. For a court to conclude that a defendant's violation of FLSA was willful, the court must find that defendants either knew of the violation or showed reckless disregard for whether their conduct complied with the FLSA. See *Moon v. Kwon*, 248 F. Supp. 2d, 201, 231 (S.D.N.Y. 2002). Clearly, Mr. SOLOWAY is diligent and consulted with his counsel regarding creation of an employee handbook; employed a professional payroll company to ensure overtime and other pay was properly made; installed an expensive system for employees to clock in and clock out for shifts that recorded the hours correctly; and provided wage notices to the employees as required by law.

Employers may only be found to have acted recklessly pursuant to the FLSA if they made neither a diligent review nor consulted with counsel regarding their overtime practices. See *Ayres v. 127 Rest. Corp.*, 12 F. Supp. 2d 305, 309 (S.D.N.Y. 1998) (finding that defendant acted recklessly because it offered no evidence that it actually reviewed its own employment policies, made relevant inquiries into the applicable law, or relied on the advice of counsel). Mr. Soloway testified and declares here (and this is cited by the memorandum of plaintiff) that all of his employees were paid correctly with overtime; that he gave wage statements to employees once they were required and that if he has questions, he asks counsel. He further stated that he orally explained this to the employees. There can be no violation found.

An employer's mere negligence or a good faith -- but incorrect --belief that the were in compliance with the FLSA, are not sufficient to rise to the level of a willful violation. Here, plaintiff has not even approached that standard, based on the record before the Court showing the good faith attempts and actual compliance of Mr. Soloway and Wallflower.

The Court should conclude that a genuine issue of material fact exists as to the willfulness of any violation – although defendants contend there are no such violations. However, if there were any violations. a reasonable jury could conclude that defendants violated the FLSA so unintentionally and with the good faith belief that they were acting according to the law.

Like the other arguments made by Plaintiff, this is fatal to the Court granting this motion.

## IV. CONCLUSION

The Plaintiff's Motion For Summary Judgment must be denied for all of the reasons stated above.

HELBRAUN LEVEY & O'DONOGHUE, LLP

By__/Kevin Sean O'Donoghue_
KEVIN SEAN O'DONOGHUE
Attorney for the Defendants
110 William Street, Ste. 1410
New York, NY 10038
212.219.1193