UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
HAAS KHEREED,

        Plaintiff,        15-cv-1363 (PKC)

   -against-          MEMORANDUM
                   AND ORDER

WEST 12TH STREET RESTAURANT GROUP
LLC, EAST 6TH STREET RESTAURANT
GROUP LLC and JASON SOLOWAY,

        Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

    Plaintiff Haas Khereed, a former server at Wallflower, a restaurant in New York

City, moves for summary judgment in his favor pursuant to Rule 56, Fed. R. Civ. P.  Khereed

brings claims under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and New

York Labor Law ("NYLL").  Discovery in this case is closed.

    Khereed's summary judgment motion contends that the defendants did not

provide sufficient notice that they were applying tips to his minimum wage.  He does not

contend that any tips were unlawfully withheld or concealed, or claim actual confusion about the

fact that customer tips were incorporated into his hourly wages.  The summary judgment record

indicates that Khereed's pay exceeded the minimum wage set by state and federal law.

    For the reasons explained, the Court concludes that Khereed is entitled to

summary judgment on the claim that his wage statements did not specifically identify the use of

a tip-credit allowance as a component of his minimum wage, as required by the NYLL.  The

motion also is granted to the extent that it is directed to defendant Jason Soloway's status as an

employer, which is undisputed.  It is denied in all other respects.

BACKGROUND

Defendant West 12th Street Restaurant Group LLC ("West 12th LLC") operates a restaurant in New York City named Wallflower.  (Pl. 56.1 ¶ 2; Def. 56.1 Resp. ¶ 2.)  Soloway is Wallflower's owner and general manager, and has the power to hire and fire employees, as well as to set their work schedules and compensation.  (Pl. 56.1 ¶¶ 3-5; Def. 56.1 Resp. ¶¶ 3-5; Soloway Dec. ¶ 2.)  Soloway also maintains employee records.  (Pl. 56.1 ¶ 6; Def. 56.1 Resp. ¶ 6.)

From approximately June 2014 to December 2, 2014, Khereed worked as a server at Wallflower.  (Pl. 56.1 ¶ 10; Def. 56.1 Resp. ¶ 10.)  According to Khereed, during his employment at Wallflower, he did not receive adequate written or oral notice of his hourly wages or tip credits, an assertion that the defendants dispute.  (Pl. 56.1 ¶¶ 12, 14, 16; Def. 56.1 Resp. ¶¶ 12, 14, 16.)  Khereed also asserts that defendants did not submit wage statements indicating the amount of his tip credit allowance; defendants dispute this assertion as well.  (Pl. 56.1 ¶ 15; Def. 56.1 Resp. ¶ 15.)

Separately, defendant East 6th Street Restaurant Group LLC ("East 6th LLC") operates a New York City restaurant named The Eddy, and Soloway is a 60% owner of The Eddy.  (Pl. 56.1 ¶¶ 8-9; Def. 56.1 Resp. ¶¶ 8-9.)  Khereed testified at his deposition that he has never worked at The Eddy, and has never been there for any reason.  (Khereed Dep. 39.)  According to Khereed, East 6th LLC and West 12th LLC operate as a single integrated enterprise, and are jointly and severally liable for his claims.  (Pl. Mem. at 13-16.)

Khereed originally brought his claims as a putative collective action under the FLSA and a putative class action under the NYLL, but has not moved to certify a collective action or a class, and moves for summary judgment solely on his own behalf.

RULE 56 STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a), Fed. R. Civ. P.  A fact is material if it "might affect the outcome of the suit under the governing law . . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  On a motion for summary judgment, the court must "construe the facts in the light most favorable to the non-moving party and resolve all ambiguities and draw all reasonable inferences against the movant." Delaney v. Bank of Am. Corp., 766 F.3d 163, 167 (2d Cir. 2014) (quotation marks omitted).  It is the initial burden of the movant to come forward with evidence on each material element of his claim or defense, demonstrating that he is entitled to relief, and the evidence on each material element must be sufficient to entitle the movant to relief in its favor as a matter of law. Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004).

If the moving party meets its burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." Jaramillo v. Weyerhaeuser Co., 536 F.3d 140, 145 (2d Cir. 2008).  "A party opposing summary judgment does not show the existence of a genuine issue of fact to be tried merely by making assertions that are conclusory or based on speculation." Major League Baseball Properties, Inc. v. Salvino, Inc., 542 F.3d 290, 310 (2d Cir. 2008) (citations omitted); see also Anderson, 477 U.S. at 249-50 (summary judgment "may be granted" if the opposing evidence is "merely colorable" or "not significantly probative") (citations omitted).

DISCUSSION

      I.    <u>Khereed's Motion Is Denied as to the Written Notice of June 2014.</u>

Under the FLSA, "an employer may pay tipped employees an hourly rate less than the federal minimum wage, by allowing them to credit a portion of the actual amount of tips received by the employee against the required hourly minimum wage." <u>Chan v. Sung Yue Tung Corp.</u>, 2007 WL 313483, at *17 (S.D.N.Y. Feb. 1, 2007) (Lynch, J.) (quotation marks omitted). For a tipped employee, the FLSA permits an employer to claim a tip-credit allowance as part of the employee's minimum wage, so long as the employee is informed of the statutory requirements for claiming a tip credit. 29 U.S.C. § 203(m). "Courts have interpreted that provision to require that an employer satisfy two conditions: (1) inform the employee of the 'tip credit' provision of the FLSA, and (2) permit the employee to retain all of the tips the employee receives to qualify for the tip credit." <u>Copantitla v. Fiskardo Estiatorio, Inc.</u>, 788 F. Supp. 2d 253, 287 (S.D.N.Y. 2011) (quotation marks omitted). "[T]ip credit shall not apply to any employee who has not been informed of these requirements . . . ." 29 C.F.R. § 531.59(b). An employer may orally advise the employee of the tip credit. <u>See</u>, <u>e.g.</u>, <u>Yuquilema v. Manhattan's Hero Corp.</u>, 2014 WL 4207106, at *3 (S.D.N.Y. Aug. 20, 2014).

The NYLL similarly requires written notice that an employer is crediting tips against an employee's minimum wage. N.Y.L.L. § 193(1)(b). An implementing regulation requires written notice of hourly and overtime pay and the amount of tip credit claimed by the employer. 12 N.Y.C.R.R. § 146-2.2.

Khereed argues that he did not receive adequate notice as to Wallflower's use of a tip-credit allowance as a part of his minimum wage. According to Khereed, "it is <u>impossible</u>" that Soloway orally informed Khereed of any tip credit because in his deposition, Soloway

- 4 -

"seem[ed] confused" about the Wallflower's tip-credit practices.  (Pl. Mem. at 7, emphasis in original.)  In Soloway's deposition, he was first asked, "Do you take a tip credit for your front-of-the-house staff at the Wallflower?" to which he answered, "Do I?  No."  (Soloway Dep. at 68.)  The next question asked whether "the Wallflower restaurant" took a tip credit, to which Soloway answered, "We comply with all the municipal state and federal labor laws and payment and all that stuff.  That's why – yes."  (Soloway Dep. at 69.)[1]  In support of his own motion, Khereed has not submitted an affidavit or declaration that sets forth his version of events as to any notice, oral or otherwise, that he received concerning the Wallflower's tip-credit practices.

In addition, Exhibit 2 to the Declaration of C.K. Lee, which is submitted in support of this motion, attaches a "Notice and Acknowledgement of Pay Rate and Payday" signed by Khereed on June 27, 2014 (the "Notice").  The Notice states that it was issued under section 195.1 of the New York Labor Law.  (Lee Dec. Ex. 2.)  It states that the employee is paid at a rate of $5 per hour and $7.50 for overtime.  (Lee Dec. Ex. 2.)  Under the heading "Allowances taken," it states "Charge – CC tips 2.38%".  (Lee Dec. Ex. 2.)

The record submitted by Khereed does not establish that he is entitled to summary judgment based on the purportedly insufficient notice of Wallflower's tip-credit allowance.  The written notice expressly states that Khereed is paid minimum wage at a rate of $5 per hour, with Wallflower taking an allowance for tips and taking a credit card charge of 2.38%.  (Lee Dec. Ex. 2.)  A reasonable jury could conclude that this statement provides the information that Khereed claims was omitted.  Similarly, Khereed's argument that it was "impossible" for Soloway to give oral notice of the tip allowance because Soloway seemed "confused" at his deposition about the

---

[1] In a declaration submitted in opposition to the summary judgment motion, Soloway states, "I provide wage notices to employees when they are hired, usually with an employee handbook. . . .  We discuss the job, the pay and the overtime rate, and then they fill out the notice, which I keep in their file.  If their rate of pay or overtime changes, we have them do this again."  (Soloway Dec. ¶ 6.)

restaurant's tip-credit practices is insufficient to grant summary judgment.  Drawing every

inference in favor of Soloway as the non-movant, Delaney, 766 F.3d at 167, this testimony

distinguished between whether Soloway personally took a tip credit, or whether, alternatively,

"the Wallflower restaurant" took a tip credit.  (Soloway Dep. at 68-69.)  Further, the underlying

questions were not directed to whether Soloway provided oral notice to Khereed about the use of

tip credits.

Finally, Khereed contends that the written notice was insufficient because it is

signed and dated June 27, 2014, and a box is checked stating that the notice was provided before

a change in pay rates, as opposed to a box stating that notice was given "[a]t hiring."  (Lee Dec.

Ex. 2.)  The NYLL requires notice to be given "[p]rior to the start of employment . . . ."  12

N.Y.C.R.R. § 146-2.2(a).  However, Khereed identifies his starting date at Wallflower only as

"June 2014."  (Pl. 56.1 ¶ 10.)  With no evidence cited as to Khereed's actual start date at

Wallflower, the Court cannot conclude as a matter of law that the written notice was untimely.

Khereed has not come forward with evidence demonstrating that he is entitled to

relief as a matter of law as to the notice he received on Wallflower's tip-credit allowance.  Vt.

Teddy Bear Co., 373 F.3d at 244.  His summary judgment motion is therefore denied as to this

claim.

II.     Summary Judgment Is Granted on Khereed's Claim that His Wage
        Statements Did Not Explicitly Identify a Tip Allowance, as the NYLL
        Requires.

Khereed separately argues that his wage statements failed to include tip-allowance

information prescribed by the NYLL.  The NYLL requires an employer to furnish every

employee a wage statement that lists "the dates of work covered by that payment of wages; name

of employee; name of employer; address and phone number of employer; rate or rates of pay and

- 6 -

basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;

gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net

wages." N.Y.L.L. § 195(3). For wage statements issued prior to February 27, 2015, the NYLL

provided that issuing an inadequate wage statement was subject to statutory damages of $100 per

work week, not to exceed a total amount of $2,500. 2010 N.Y. Laws ch. 564 § 7, amending N.Y.

Labor Law § 198(1-d).

According to Khereed, Wallflower's pay stubs failed to satisfy the NYLL because

they did not reflect that the tip credit was treated as an allowance credited to his minimum wage.

(Pl. Mem. at 12-13.) The wage statements submitted in support of his motion include entries for

"Tipped hours" at the rate of $5 an hour, an entry for "Cash tips" and an entry for "Credit card

tips owed." (Lee. Dec. Ex. 1.) For example, Khereed's wage statement for the pay date of

October 17, 2014 reflects that Khereed worked 38.58 hours at a rate of $5 an hour, and that he

received $7.80 in cash tips and $749.82 in credit card tips.[2] (Lee Dec. Ex. 1.) The wage

statement also lists Khereed's total gross pay and net pay, his employer's name, address and

phone number, and the federal, state and local tax payments deducted during the pay period.

(Lee Dec. Ex. 1.)

The NYLL specifies that the wage statement must include "allowances, if any,

claimed as part of the minimum wage . . . ." N.Y.L.L. § 195(3). Although the wage statement

reflects the amount of tips earned and an average hourly wage well in excess of the state and

federal minimum wage, section 195(3) has been interpreted to require a wage statement to

expressly identify the per-hour amount of a tip credit and the total amount of the tip-credit

---

[2] Based on the October 17 wage statement, it appears that Khereed's gross pay for that period averaged
approximately $23.85 per hour. (Lee Dec. Ex. 1.) As noted, the summary judgment motion does not argue that
Khereed was paid below the state or federal minimum wage.

allowance.  See Inclan v. New York Hosp. Grp., Inc., 95 F. Supp. 3d 490, 502 (S.D.N.Y. 2015)

(Buchwald, J.) (granting summary judgment to plaintiffs because wage statements listed only

"the amount of tips earned" during the pay period and not the amount of tip-credit allowance);

Salinas v. Starjem Rest. Corp., 2015 WL 4757618, at *22 (S.D.N.Y. Aug. 12, 2015) (Torres, J.)

(finding that wage statements did not satisfy section 195(3) because they "failed to indicate that

the tip credit (i.e., an allowance claimed as part of the minimum wage) was being taken.").

Because the wage statements do not specifically reflect that Khereed's tips are part of an

allowance claimed as part of the minimum wage, Khereed has come forward with

uncontroverted evidence that the wage statements do not satisfy the New York Labor Law.

   This portion of Khereed's summary judgment motion is therefore granted.  The

precise number of weeks that Khereed worked at Wallflower is unclear from the record, and he

is entitled to statutory damages of $100 per week for each week of the violation, not to exceed

$2,500.

   III. Khereed Has Not Established a Joint Employer Relationship.

   Khereed argues that West 12th LLC and East 6th LLC operate as a single,

integrated enterprise, and that they therefore are jointly and severally liable for any violation of

the wage-and-hours laws.  "The single integrated enterprise doctrine applies to situations in

which 'two nominally separate entities are actually part of a single integrated enterprise.'"

Spiciarich v. Mexican Radio Corp., 2015 WL 4191532, at *5 n.5 (S.D.N.Y. July 10, 2015)

(Stein, J.) (quoting Arculeo v. On-Site Sales & Mktg., LLC, 425 F.3d 193, 198 (2d Cir. 2005)).

"The Second Circuit has never endorsed this theory of liability in the FLSA context, and district

courts in this Circuit are divided on its application to FLSA and NYLL cases."  Id. (collecting

cases); see also Hart v. Rick's Cabaret Int'l, Inc., 967 F. Supp. 2d 901, 940 n.16 (S.D.N.Y. 2013)

(Engelmayer, J.) (rejecting application of single, integrated enterprise analysis in the FLSA context).

In determining whether separate businesses operate as a single, integrated enterprise, "courts consider (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." Juarez v. 449 Restaurant, Inc., 29 F. Supp. 3d 363, 367 (S.D.N.Y. 2014) (Nathan, J.).  In the FLSA context, facts that go to the existence of a single, integrated enterprise include common decor, name, menu and marketing; the use of the same employees at multiple locations; the transfer of items between restaurants; use of the same central payroll office, common storage space and leases; and the distribution of common employee guidelines and procedures across different businesses.  See id. at 367-68; Bravo v. Established Burger One, LLC, 2013 WL 5549495, at *8 (S.D.N.Y. Oct. 8, 2013); Perez v. Westchester Foreign Autos, Inc., 2013 WL 749497, at *8 (S.D.N.Y. Feb. 28, 2013).

Assuming arguendo that the Second Circuit recognizes joint and several liability under the FLSA for a single, integrated enterprise, Khreed has not come forward with evidence that establishes West 12th LLC and East 6th LLC to be such an enterprise.  Khreed argues that the websites for Wallflower and The Eddy each advertises the other as a "sister restaurant," and that they use similar employee handbooks.  (Lee Dec. Exs. 6-7, 12; Soloway Dep. 74-75, 87-88.) He also notes that Soloway is a member of both West 12th LLC and East 6th LLC.  Khreed names two employees who worked at Wallflower and The Eddy, both of whom were identified by Soloway in his deposition.  (Soloway Dep. 74-77.)  One first worked at Wallflower before being employed at The Eddy, and did not work at both restaurants simultaneously.  (Soloway

Dep. 76.)  The second employee, a bartender at Wallflower, "filled in for two or three shifts as a backup" at The Eddy.  (Soloway Dep. 77.)

In opposition to the motion, defendants note that Khereed testified in his deposition that he has never worked at The Eddy and has never been there for any reason. (Khereed Dep. at 39.)  Soloway testified in his deposition that Wallflower and The Eddy maintained separate bank accounts and filed separate tax returns.  (Soloway Dep. at 88.)  He testified, "There is – to the best of my knowledge, there's no legal connection between the two entities.  I am the main connection.  Period."  (Soloway Dep. at 88-89.)

Khereed's evidence in support of his motion does not establish as a matter of law that West 12th LLC and East 6th LLC are a single, integrated enterprise.  While Soloway's membership in the two LLCs and his management role at their associated restaurants is some evidence of common ownership and management, Khereed has offered no evidence that shows an interrelation of operations or centralized control of labor relations.  See Juarez, 29 F. Supp. 3d at 367.  Khereed identifies only one employee who worked at both Wallflower and Eddy simultaneously, but that individual did so on only two or three occasions.  (Soloway Dep. 77.) There is no evidence that the two restaurants adopted common employment policies, administered a common payroll, mingled finances or premises, or were held out to the public as the same business.

Assuming that the Second Circuit would recognize a single, integrated enterprise as a common employer under FLSA, Khereed has not come forward with evidence sufficient to establish as a matter of law that East 6th LLC and West 12th LLC are a common employer.  This portion of his summary judgment motion is therefore denied.

IV.    Soloway Does Not Oppose the Portion of Khereed's Motion Directed to
       His Employer Status.

Khereed moves for summary judgment as to Soloway's status as an employer under the FLSA.  In determining whether a defendant is an employer, courts look to factors that include "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."  Barfield v. New York City Health & Hosps. Corp., 537 F.3d 132, 142 (2d Cir. 2008) (quotation marks omitted).  No single factor is dispositive, and courts may weigh other considerations in determining employer status.  Id. at 142-43.

In defendants' opposition statement submitted pursuant to Local Civil Rule 56.1, they do not dispute that Soloway had the power to hire and fire employees, determine work schedules, employment conditions, and compensation, and maintain employee records.  (Def. 56.1 Resp. ¶¶ 4-6.)  Their opposition memo does not address Khereed's argument that Soloway was an employer under the FLSA.

Because there is no dispute that Soloway is an employer under the FLSA, this portion of Khereed's summary judgment motion is granted.

V.    Khereed Has Not Established an Entitlement to Liquidated Damages
      under the NYLL.

Khereed also seeks liquidated damages in the event that the Court concludes that defendants have violated the NYLL or the FLSA.  As discussed, the Court concludes that Khereed has met his summary judgment burden only as to the contents of his wage statements as prescribed by N.Y.L.L. section 195(3).  Section 195(3) provides for statutory damages, and does not award lost wages.

"Under both the FLSA and NYLL, plaintiffs are entitled to liquidated damages if they have been denied appropriate minimum wages or overtime."  Galeana v. Lemongrass on Broadway Corp., 2014 WL 1364493, at *7 (S.D.N.Y. Apr. 4, 2014) (citing 29 U.S.C. §§ 216(b), 260; N.Y.L.L. §§ 198(1-a), 663(1)).  In the event that an employee was not paid full wages, the NYLL provides that, in addition to recovering the full amount of lost wages, an employee may receive "an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due."  N.Y.L.L. § 198(1-a).  The NYLL's liquidated damages provision is specifically directed to unpaid wages, and liquidated damages must be assessed "unless the employer proves a good faith basis for believing that its underpayment of wages was in compliance with the law."  N.Y.L.L. § 198(1)(a); see also Inclan, 95 F. Supp. 3d at 504-05 (summarizing NYLL's liquidated damages provision).

Because Khereed has not come forward with evidence entitling him to judgment as a matter of law on any FLSA claim, the Court does not address his argument for liquidated damages under the FLSA.

As to liquidated damages under the NYLL, statutory damages are the remedy for a violation of section 195(3), and there is no claim of lost wages.  Khereed has not cited authority that supports an award of liquidated damages based on a wage statement's failure to specifically denote the application of tips to a minimum wage credit allowance, and an award of lost wages is not a recognized remedy for a deficient wage statement.  See, e.g., Tackie v. Keff Enterprises LLC, 2014 WL 4626229, at *6 (S.D.N.Y. Sept. 16, 2014) (awarding liquidated damages for back pay, but only statutory damages for failure to comply with section 195(3)).

Assuming arguendo that liquidated damages could be imposed based on an employer's deficient wage statement, the record does not establish as a matter of law that the

defendants' non-compliance with section 195(3) was in bad faith.  Khereed again argues that Soloway was unaware of the wage-and-hours laws based on Soloway's answers at deposition as to whether "you" or "the Wallflower restaurant" took a tip credit.  (Soloway Dep. at 68-69; Pl. 56.1 ¶ 17.)  As noted, a reasonable jury could conclude that Soloway was distinguishing whether he personally claimed a tip credit, as opposed to the restaurant.  Moreover, Soloway supplied employees with a written notice that set forth the hourly minimum wage and noted that the restaurant claimed a tip credit and took a credit card charge of 2.38%.  (Lee Dec. Ex. 1.) Soloway testified in his deposition that he had retained counsel to advise him on wage-and-hours laws, that an attorney reviewed the contents of his employee handbook, and that he retained a qualified payroll company and provided wage documentation to all employees.  (Soloway Dep. 23-25.)  A reasonable jury could conclude that Soloway attempted in good faith to comply with the NYLL's wage statement requirements.

The motion for summary judgment as to liquidated damages is denied.

CONCLUSION

Khereed's motion for summary judgment is GRANTED as to his claim that his wage statements did not satisfy NYLL § 195(3), and his contention that defendant Soloway was an employer.  It is DENIED in all other respects.  The Clerk is directed to terminate the motion. (Docket # 49.)

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       February 11, 2016

- 13 -