UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HAAS KHEREED,

    Plaintiff,

  - against -

WEST 12th STREET RESTAURANT, *et al.*,

    Defendants.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/22/16

**MEMORANDUM ORDER**

15-CV-1363 (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

On November 21, 2016, plaintiffs' counsel in this case, which was brought under the Fair Labor Standards Act ("FLSA") and New York Labor Law, filed a Notice of Acceptance of Offer of Judgment and Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure. Dkt. No. 98 & Exhibit A (Offer of Judgment). In the normal course, and by the very terms of the Rule, once a Rule 68 offer is timely accepted and filed, "[t]he clerk *must* then enter judgment." Fed. R. Civ. P. 68(a) (emphasis added). However, in light of *Cheeks v. Freeport Pancake House*, 796 F.3d 199, 206 (2d Cir. 2015), which requires court approval of "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice," the Court considers whether it is required to approve the parties' settlement of this lawsuit as embodied in the Offer of Judgment and its Acceptance.

The Second Circuit has not addressed this issue, and there is scant case law on the subject. Those cases in this Circuit that the Court has identified have consistently limited *Cheeks* to Rule 41 stipulated dismissals and have ruled that judicial approval of an offer of judgment in a wage-and-hour case is not required. *See, e.g., Pest v. Express Contracting Corp.*, No. 16-CV-3785 (DRH), 2016 WL 6518577, at *1 (E.D.N.Y. Nov. 3, 2016) (*Cheeks* "does not compel

judicial approval" of wage-and-hour settlement memorialized in accepted offer of judgment); *Baba v. Beverly Hills Cemetary Corp.*, No. 15-CV-5151 (CM), 2016 WL 2903597, at *1 (S.D.N.Y. May 9, 2016) (while "Rule 68 Offer of Judgment procedures give clever defendant-employers an aperture the size of the Grand Canyon through which they can drive coercive settlements in Fair Labor Standards Act cases without obtaining court approval . . . [the court] can no see no basis for reading any exception into the absolutely mandatory language of Rule 68"); *Corado v. Nevetz Eleven Ice Cream Parlour*, No. 15-CV-5985 (ADS)(ARL), 2016 U.S. Dist. LEXIS 45992, at *4 (E.D.N.Y. Apr. 5, 2016) ("To apply *Cheeks* in the Rule 68 context, where there is no federal statutory exception, would be a bridge too far."); *Barnhill v. Fred Stark Estate*, No. 15-CV-3360 (BMC), 2015 WL 5680145, at *1 (E.D.N.Y. Sept. 24, 2015) ("*Cheeks* should be confined to the Rule 41 context, and does not reach an Offer of Judgment under Rule 68").

The Court agrees with these decisions, given that *Cheeks* "rested its holding on the language of Rule 41(a)(1)(A) subjecting dismissals without a court order to 'applicable federal statute[s],' which . . . include[d] the FLSA." *Pest*, 2016 WL 6518577, at *1. To rule otherwise would constitute a judicial rewriting of Rule 68. *See Barnhill*, 2015 WL 5680145, at *1 ("To hold that Rule 68 is not available in FLSA cases without court approval would be to rewrite it."). The policy considerations that prompted the Second Circuit to impose the requirement of judicial approval under Rule 41 in wage-and-hour cases cannot be engrafted onto Rule 68, absent legislative action. As noted, Rule 68 makes plain that once an offer is timely accepted and filed, "[t]he clerk *must* enter judgment." This directive is unambiguous and does not allow for courts

to read some prerequisite to the clerk's entry of judgment into the Rule.[1] The Supreme Court itself, in *Marek v. Chesny*, 473 U.S. 1, 10 (1983), expressly endorsed a "plain meaning construction" of Rule 68 in evaluating the interplay between the Rule and the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. Although it is true that the FLSA is a "uniquely protective statute," as the Court in *Cheeks* characterized it, 796 F.3d at 207, the statute cannot be construed in a way that is inconsistent with the plain language of Rule 68.

Accordingly, the Clerk of the Court is directed to enter judgment in favor of the plaintiff in the amount of $55,000 consistent with the Offer and Acceptance of Judgment and to close this case. The trial scheduled to begin on January 9, 2017 is adjourned *sine die* and all pending motions as denied as moot.

**SO ORDERED.**

Dated: New York, New York
November 22, 2016

JAMES L. COTT
United States Magistrate Judge

---

[1] Indeed, "the entry of final judgment pursuant to Rule 68 is a ministerial act that does not require the action of the judge." *Harris v. City of N.Y.*, No. 03-CV-8767 (RWS), 2004 WL 1555194, at *1 (S.D.N.Y. July 12, 2004); *see Bowles v. J.J. Schmitt & Co.*, 170 F.2d 617, 620 (2d Cir. 1948) ("the clerk may enter final judgment without action of the judge or jury . . . upon notice of acceptance of an offer of judgment under rule 68"); *Cesar v. Rubie's Costume Co., Inc.*, 219 F.R.D. 257, 260 (E.D.N.Y. 2004) ("the Rule 68 language which states that the clerk 'shall enter judgment' upon the filing of an accepted offer 'removes discretion from the clerk or the trial court as to whether to enter judgment upon the filing of the accepted offer'") (quoting *Webb v. James*, 147 F.3d 617, 621 (7th Cir. 1998)).